PER CURIAM.
Clara and Henry Schreuder challenge a final summary judgment entered in their premises liability action. Mrs. Schreuder was injured during their stay at a Howard Johnson Motor Lodge when she fell from a collapsed chair in their motel room. The complaint, which alleged actual and/or apparent agency relationships, named as eodefend-ants: Howard Johnson’s Company, Inc.; Howard Johnson Company; Howard Johnson Franchise Systems, Inc. (collectively the Howard Johnson defendants); and, Maralak, Ltd. This agency relationship, allegedly arose from a series of leases, subleases and a license agreement under which the motor lodge operated.
The Howard Johnson defendants moved for summary judgment on the Schreuders’ apparent agency claim only. The motion alleged an absence of any genuine issue of material fact as demonstrated by a licensing agreement placing the premises in the custody and control of Maralak, Ltd. The .motion further alleged that as a matter of law the Schreuders could not prevail on an apparent agency claim because there was no evidence of representations made by the Howard Johnson defendants nor evidence of the Schreuders’ detrimental reliance. See Mobil Oil Corp. v. Bransford, 648 So.2d 119, 121 (Fla.1995).
However, Howard Johnson’s summary judgment motion did not address the Schreu-ders’ actual agency claim. Moreover, at the summary judgment hearing, Howard Johnson’s argument focused exclusively on apparent agency, making no reference to the Schreuders’ actual agency claim. Following the .hearing, the trial court entered a blanket order granting summary judgment in.favor *796 of Howard Johnson’s. We affirm the trial court’s order as to the Schreuders’ apparent agency claim; however, because the complaint also alleged an actual agency relationship, we remand for further proceedings on the actual agency claim.
CAMPBELL, A.C.J., and PATTERSON and QUINCE, JJ., concur.